STATE ex MASTERSON, etc., Plaintiffs-Appellants, v. OHIO STATE RACING COMMISSION, Defendants-Appellees.

Ohio Appeals, Second District, Franklin County.

No. 5531. Decided August 17, 1956.

George J. McMonagle, William E. Mahon, Michael T. Gavin, Cleveland, for plaintiffs-appellants.

C. William O'Neill, Atty. Genl., Hugh A. Sherer, Chief Counsel, Columbus, for defendants-appellees.

See, also, 66 Abs 25. OS No. 33984.

## OPINION

By THE COURT.

Submitted on motion of the Ohio State Racing Commission, appellee, seeking an order dismissing the appeal as to the plaintiffs-appellants, Sophie Borek, Gerald Borek and Patrick Borek, for the following reasons:

(1) The appeal was not perfected within the time required by law; or

(2) It is not prosecuted from a final order.

The record reveals that the above named persons were parties to the original action filed in the Court of Common Pleas, together with one Charles P. Masterson; that a demurrer was sustained to the petition and all of the plaintiffs were granted leave to amend. Masterson did file an amended petition which did not include the parties mentioned in this motion. A motion was then filed by the respondent to strike the amended petition from the files for the reason that the same "is not responsive to the prior order of the court in sustaining the special demurrer to the petition." This motion was sustained on June 12, 1956, from which the plaintiff elected not to proceed further, and final judgment was entered. On June 27, 1956, notice of appeal was filed by all of plaintiffs directed to the judgment of dismissal. The order sustaining the demurrer was not a final order from which an appeal could have been prosecuted. It clearly was not final as leave was granted to amend, which was accordingly done by one of the parties.

"So long as an amendment is possible in such a case, there is no final order." 2 O. Jur. 2d, 618, Sec. 47.

See also, Betz v. Indus. Com., 139 Oh St 624; Collins v. Yellow Cab Co., 157 Oh St 311. Counsel for the appellee urges that the sustaining of the demurrer was an appealable order, citing Schindler v. Standard Oil Co., 165 Oh St 76, but the facts in this case are not parallel with the

case at bar, as the ruling on the demurrer absolutely prevented a judgment while in the case at bar an amendment was permitted by the court and the same was made by one of the parties. The rule appears to be clearly stated in the Schindler case, supra, paragraph 2 of the syllabus:

"Where, upon the sustaining of a general demurrer to a petition, the judgment sought is not prevented because of the right to amend the petition, there is no final appealable order, but, where the order sustaining the demurrer absolutely prevents the judgment, and the right to amend would be of no avail, there is a final appealable order."

It is our conclusion that the judgment of June 12, 1956, to which notice of appeal was directed, was the only final order from which the three "Bereks" had the right of an appeal and that the same was seasonably filed.

The motion will be overruled.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.